1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | PATRICK L. SIMONS, SR. | ) 1: 05-CV-00812-OWW-SMS |

PATRICK L. SIMONS, SR.          ) 1: 05-CV-00812-OWW-SMS
                                )
            Plaintiff,          ) ORDER DISMISSING COMPLAINT AND
                                ) GRANTING LEAVE TO PLAINTIFF TO
                                ) FILE AN AMENDED COMPLAINT WITHIN
     v.                         ) THIRTY DAYS AFTER SERVICE OF THIS
                                ) ORDER (DOC. 1)
ROBERT SYDNEY JULIAN, M.D., et)
al.,                            )
            Defendants.         )
                                )
_____)

     Plaintiff is proceeding pro se and in forma pauperis with an
action for damages concerning alleged medical malpractice and
related tortious conduct. The matter has been referred to the
Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules
72-302 and 72-304.

     Plaintiff filed his complaint on June 21, 2005; on the same
date he filed an application to proceed in forma pauperis, which
has been granted by separate order. Service of the summons and
complaint has not been ordered because screening of the complaint
has not been completed; service will not be ordered until a
complaint stating facts showing a basis for jurisdiction in this
Court has been filed.

1

1    I. <u>Screening the Complaint</u>

2        In cases wherein the plaintiff is proceeding in forma

3  pauperis, the Court is required to screen cases and shall dismiss

4  the case at any time if the Court determines that the allegation

5  of poverty is untrue, or the action or appeal is frivolous or

6  malicious, fails to state a claim on which relief may be granted,

7  or seeks monetary relief against a defendant who is immune from

8  such relief. 28 U.S.C. 1915(e)(2).

9        Fed. R. Civ. P. 8(a) provides:

10           A pleading which sets forth a claim for relief,
             whether an original claim, counterclaim, cross-
11           claim, or third-party claim, shall contain
             (1) a short and plain statement of the grounds
12           upon which the court's jurisdiction depends,
             unless the court already has jurisdiction and
13           the claim needs no new grounds of jurisdiction
             to support it, (2) a short and plain statement
14           of the claim showing that the pleader is entitled
             to relief, and (3) a demand for judgment for
15           the relief the pleader seeks. Relief in the
             alternative or of several different types
16           may be demanded.

17  A complaint must contain a short and plain statement as required

18  by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a

19  flexible pleading policy, a complaint must give fair notice and

20  state the elements of the claim plainly and succinctly. <u>Jones v.</u>

21  <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).

22  Plaintiff must allege with at least some degree of particularity

23  overt acts which the defendants engaged in that support

24  Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all

25  elements of a claim, it must be possible to infer from the

26  allegations that all elements exist and that there is entitlement

27  to relief under some viable legal theory. <u>Walker v. South Cent.</u>

28  <u>Bell Telephone Co.</u>, 904 F.2d 275, 277 (5thCir. 1990); <u>Lewis v.</u>

2

1  ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

2      In reviewing a complaint under this standard, the Court must

3  accept as true the allegations of the complaint in question,

4  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

5  (1976), construe the pro se pleadings liberally in the light most

6  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447

7  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9      If the Court determines that the complaint fails to state a

10  claim, leave to amend should be granted to the extent that the

11  deficiencies of the complaint can be cured by amendment. Lopez v.

12  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A

13  complaint, or a portion thereof, should only be dismissed for

14  failure to state a claim upon which relief may be granted if it

15  appears beyond doubt that the Plaintiff can prove no set of

16  facts, consistent with the allegations, in support of the claim

17  or claims that would entitle him to relief. See Hishon v. King &

18  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355

19  U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log

20  Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

21  Dismissal of a pro se complaint for failure to state a claim is

22  proper only where it is obvious that the Plaintiff cannot prevail

23  on the facts that he has alleged and that an opportunity to amend

24  would be futile. Lopez v. Smith, 203 F.3d at 1128.

25      A claim is frivolous if it lacks an arguable basis either in

26  law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A

27  frivolous claim is based on an inarguable legal conclusion or a

28  fanciful factual allegation. Id. A federal court may dismiss a

3

claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. <u>Id.</u>

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

Here, Plaintiff seeks damages according to proof; no specific amount of damages is stated. Plaintiff alleges that while under the care of Defendants Julian and Tabari, a dentist and trainee, respectively, Plaintiff suffered injury from a negligently performed tooth extraction and from Defendants' related intentional and negligent misrepresentations. Defendant University Medical Center is named as the site of the conduct and is described as a hospital organized and existing under the laws of the state of California.

Plaintiff has not provided a short, plain statement of the

1  facts on which the jurisdiction of this Court depends. Plaintiff
2  has not alleged the denial of any federally protected right or
3  other facts indicating that there is jurisdiction in this Court.
4  Further, Plaintiff has not alleged facts showing that the
5  citizenship of the parties is diverse and that the amount in
6  controversy is such that the Court might have subject matter
7  jurisdiction.

8      To the extent that Plaintiff seeks to proceed on a tort
9  theory, concerning either intentional or negligent conduct by
10 medical care providers in the course of his treatment, the Court
11 concludes that Plaintiff states a state law claim and not a
12 federal claim. Plaintiff does not state facts indicating that
13 this action arises under the Constitution, laws, or treaties of
14 the United States and thus confers jurisdiction on this Court.

15     Although Plaintiff here has not alleged facts demonstrating
16 that this action arises under federal law or is subject to
17 federal jurisdiction, it is possible that Plaintiff might allege
18 such facts, so leave to amend will be granted.

19     II. Amendment of the Complaint

20     In summary, the Court finds it necessary to dismiss the
21 complaint in its entirety. Plaintiff has failed to plead facts
22 demonstrating jurisdiction in this Court. However, it is possible
23 that Plaintiff can allege a set of facts, consistent with the
24 allegations, in support of the claim or claims that would entitle
25 him to relief. Thus, the Court will grant Plaintiff an
26 opportunity to amend the complaint to cure the deficiencies of
27 this complaint. Failure to cure the deficiencies will result in
28 dismissal of this action without leave to amend.

1    A complaint must contain a short and plain statement as

2    required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules

3    adopt a flexible pleading policy, a complaint must give fair

4    notice and state the elements of the claim plainly and

5    succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649

6    (9th Cir. 1984). Plaintiff must allege with at least some degree

7    of particularity overt acts which the defendants engaged in that

8    support Plaintiff's claim. Id.

9    In addition, Plaintiff is informed that the Court cannot

10   refer to a prior pleading in order to make Plaintiff's amended

11   complaint complete. Local Rule 15-220 requires that an amended

12   complaint be complete in itself without reference to any prior

13   pleading. This is because, as a general rule, an amended

14   complaint supersedes the original complaint. See Loux v. Rhay,

15   375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended

16   complaint, the original pleading no longer serves any function in

17   the case. Therefore, in an amended complaint, as in an original

18   complaint, each claim and the involvement of each defendant must

19   be sufficiently alleged.

20   In accordance with the above, IT IS HEREBY ORDERED that:

21        1. Plaintiff's complaint IS DISMISSED; and

22        2.  Plaintiff IS GRANTED thirty days from the date of

23   service of this order to file an amended complaint that complies

24   with the requirements of the pertinent substantive law, the

25   Federal Rules of Civil Procedure, and the Local Rules of

26   Practice; the amended complaint must bear the docket number

27   assigned this case and must be labeled "First Amended Complaint";

28   Plaintiff must file an original and two copies of the amended

complaint; failure to file an amended complaint in accordance
with this order will be considered to be a failure to comply with
an order of the Court pursuant to Local Rule 11-110 and will
result in dismissal of this action.


IT IS SO ORDERED.

**Dated:    June 23, 2005**            _____/s/ **Sandra M. Snyder**_____
icido3                                 UNITED STATES MAGISTRATE JUDGE