UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK L. SIMONS, SR. | ) | 1: 05-CV-00812-OWW-SMS |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT AND |
| | ) | GRANTING LEAVE TO PLAINTIFF TO |
| | ) | FILE AN AMENDED COMPLAINT WITHIN |
| v. | ) | THIRTY DAYS AFTER SERVICE OF THIS |
| | ) | ORDER (DOC. 1) |
| ROBERT SYDNEY JULIAN, M.D., et al., | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages concerning alleged medical malpractice and related tortious conduct. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff filed his complaint on June 21, 2005; on the same date he filed an application to proceed in forma pauperis, which has been granted by separate order. Service of the summons and complaint has not been ordered because screening of the complaint has not been completed; service will not be ordered until a complaint stating facts showing a basis for jurisdiction in this Court has been filed.

1

I. <u>Screening the Complaint</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5thCir. 1990); <u>Lewis v.</u>

2

1  ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

2      In reviewing a complaint under this standard, the Court must
3  accept as true the allegations of the complaint in question,
4  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5  (1976), construe the pro se pleadings liberally in the light most
6  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
7  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9      If the Court determines that the complaint fails to state a
10 claim, leave to amend should be granted to the extent that the
11 deficiencies of the complaint can be cured by amendment. Lopez v.
12 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
13 complaint, or a portion thereof, should only be dismissed for
14 failure to state a claim upon which relief may be granted if it
15 appears beyond doubt that the Plaintiff can prove no set of
16 facts, consistent with the allegations, in support of the claim
17 or claims that would entitle him to relief. See Hishon v. King &
18 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
19 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
20 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
21 Dismissal of a pro se complaint for failure to state a claim is
22 proper only where it is obvious that the Plaintiff cannot prevail
23 on the facts that he has alleged and that an opportunity to amend
24 would be futile. Lopez v. Smith, 203 F.3d at 1128.

25     A claim is frivolous if it lacks an arguable basis either in
26 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
27 frivolous claim is based on an inarguable legal conclusion or a
28 fanciful factual allegation. Id. A federal court may dismiss a

1  claim as frivolous if it is based on an indisputably meritless
2  legal theory or if the factual contentions are clearly baseless.
3  Id.

4  　　　The test for malice is a subjective one that requires the
5  Court to determine whether the applicant is proceeding in good
6  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
7  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
8  1986). A lack of good faith is most commonly found in repetitive
9  suits filed by plaintiffs who have used the advantage of cost-
10 free filing to file a multiplicity of suits. A complaint may be
11 inferred to be malicious if it suggests an intent to vex the
12 defendants or abuse the judicial process by relitigating claims
13 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
14 (D.C.Cir. 1981); if it threatens violence or contains
15 disrespectful references to the Court, id.; or if it contains
16 untrue material allegations of fact or false statements made with
17 knowledge and an intent to deceive the Court, Horsey v. Asher,
18 741 F.2d 209, 212 (8th Cir. 1984).

19 　　　Here, Plaintiff seeks damages according to proof; no
20 specific amount of damages is stated. Plaintiff alleges that
21 while under the care of Defendants Julian and Tabari, a dentist
22 and trainee, respectively, Plaintiff suffered injury from a
23 negligently performed tooth extraction and from Defendants'
24 related intentional and negligent misrepresentations. Defendant
25 University Medical Center is named as the site of the conduct and
26 is described as a hospital organized and existing under the laws
27 of the state of California.

28 　　　Plaintiff has not provided a short, plain statement of the

4

facts on which the jurisdiction of this Court depends. Plaintiff has not alleged the denial of any federally protected right or other facts indicating that there is jurisdiction in this Court. Further, Plaintiff has not alleged facts showing that the citizenship of the parties is diverse and that the amount in controversy is such that the Court might have subject matter jurisdiction.

To the extent that Plaintiff seeks to proceed on a tort theory, concerning either intentional or negligent conduct by medical care providers in the course of his treatment, the Court concludes that Plaintiff states a state law claim and not a federal claim. Plaintiff does not state facts indicating that this action arises under the Constitution, laws, or treaties of the United States and thus confers jurisdiction on this Court.

Although Plaintiff here has not alleged facts demonstrating that this action arises under federal law or is subject to federal jurisdiction, it is possible that Plaintiff might allege such facts, so leave to amend will be granted.

II. Amendment of the Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

1  A complaint must contain a short and plain statement as
2 required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules
3 adopt a flexible pleading policy, a complaint must give fair
4 notice and state the elements of the claim plainly and
5 succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649
6 (9th Cir. 1984). Plaintiff must allege with at least some degree
7 of particularity overt acts which the defendants engaged in that
8 support Plaintiff's claim. Id.
9  In addition, Plaintiff is informed that the Court cannot
10 refer to a prior pleading in order to make Plaintiff's amended
11 complaint complete. Local Rule 15-220 requires that an amended
12 complaint be complete in itself without reference to any prior
13 pleading. This is because, as a general rule, an amended
14 complaint supersedes the original complaint. See Loux v. Rhay,
15 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended
16 complaint, the original pleading no longer serves any function in
17 the case. Therefore, in an amended complaint, as in an original
18 complaint, each claim and the involvement of each defendant must
19 be sufficiently alleged.
20  In accordance with the above, IT IS HEREBY ORDERED that:
21   1. Plaintiff's complaint IS DISMISSED; and
22   2. Plaintiff IS GRANTED thirty days from the date of
23 service of this order to file an amended complaint that complies
24 with the requirements of the pertinent substantive law, the
25 Federal Rules of Civil Procedure, and the Local Rules of
26 Practice; the amended complaint must bear the docket number
27 assigned this case and must be labeled "First Amended Complaint";
28 Plaintiff must file an original and two copies of the amended

6

1 complaint; failure to file an amended complaint in accordance
2 with this order will be considered to be a failure to comply with
3 an order of the Court pursuant to Local Rule 11-110 and will
4 result in dismissal of this action.

IT IS SO ORDERED.

**Dated:   June 23, 2005**                        **/s/ Sandra M. Snyder**
icido3                                            UNITED STATES MAGISTRATE JUDGE