UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PATRICK L. SIMMONS, SR. | ) | 1: 05-CV-00812-OWW-SMS |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON |
| v. | ) ) | WHICH RELIEF MAY BE GRANTED (DOC. 10) |
| ROBERT SYDNEY JULIAN, M.D., et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff is proceeding pro se and in forma pauperis with an action for damages concerning alleged medical malpractice and related tortious conduct. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff filed his complaint on June 21, 2005; on June 24, 2005, the complaint was dismissed with leave to file an amended complaint because Plaintiff had failed to state a claim upon which this Court could grant relief. On July 22, 2005, Plaintiff filed a first amended complaint (FAC).

I. <u>Screening the Complaint</u>

In cases wherein the plaintiff is proceeding in forma

1

pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5thCir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless.

Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Here, in the FAC Plaintiff seeks damages according to proof; no specific amount of damages is stated. Plaintiff alleges that while under the care of Defendants Julian and Tabari, a dentist and trainee, respectively, Plaintiff suffered injury from a negligently performed tooth extraction and from Defendants' related intentional and negligent misrepresentations made to induce Plaintiff to seek, or to continue to seek, care from Defendants. Defendant University Medical Center is named as the site of the conduct and is described as a hospital organized and existing under the laws of the state of California.

To state a claim pursuant to § 1983, a plaintiff must plead facts demonstrating that defendants acted under color of state

law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff alleges that Defendant violated Plaintiff's Constitutional rights under the Due Process Clause of the Fourteenth Amendment. However, Plaintiff alleges no facts showing a cognizable denial of due process of law.

Plaintiff alleges:

> 26. Plaintiff has been deprived of his civil and constitution rights to sustain and be protected from cruel and unusual treatment under the 14th Amendment to the U. S. Constitution for Defendants' acts and/or omissions complained of herein in this complaint.
>
> 27. Defendants did, while acting under color of law, violated Plaintiff's right under the 14th Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983.

(Complt. at 6.)  He also alleged the following with respect to jurisdiction:

> 1. This action is to redress violation of Plaintiff's civil rights, as guaranteed by the 14th Amendments of the United States Constitution, by the above named Defendants while acting under color of an statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any right, or privilege within the meaning of Title 42. U.S.C., section 1983.

(Complt. at 1.)

Plaintiff has not provided a short, plain statement of the facts on which the jurisdiction of this Court depends. Plaintiff alleges in a conclusional fashion deprivations of his civil rights, and he alleges that Defendants acted under color of state

5

1 law. However, Plaintiff has not alleged any facts that would
2 demonstrate the denial of any federally protected right, any
3 action by Defendants taken under color of state law, or
4 jurisdiction in this Court. It appears that Defendants were
5 acting as private parties and not under color of state law.
6 Generally, private parties are not acting under color of state
7 law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991).
8 　　Further, Plaintiff has not alleged facts showing any other
9 basis of jurisdiction in this Court, such as diverse citizenship
10 of the parties and an amount in controversy that would bring this
11 action within the Court's subject matter jurisdiction.
12 　　To the extent that Plaintiff seeks to proceed on a tort
13 theory, concerning either intentional or negligent conduct by
14 medical care providers in the course of his treatment, the Court
15 concludes that Plaintiff states a state law claim and not a
16 federal claim. Plaintiff does not state facts indicating that
17 this action arises under the Constitution, laws, or treaties of
18 the United States and thus confers jurisdiction on this Court.
19 　　In the FAC, Plaintiff has not alleged facts demonstrating
20 that this action arises under federal law or that there is
21 jurisdiction in this Court. In the Court's order dismissing
22 Plaintiff's complaint with leave to amend, Plaintiff was informed
23 of the need to allege facts showing deprivation of a federally
24 protected right, action under color of law, or other facts
25 showing jurisdiction in this Court. Plaintiff has had an
26 opportunity to file an amended complaint, but Plaintiff has not
27 remedied the defects in the initial complaint; he has alleged
28 only conclusions, and not facts. There is no basis for an

inference that it is possible that Plaintiff might allege such facts. Thus, it appears that granting Plaintiff leave to amend would be futile.

III. <u>Recommendation</u>

Accordingly, it IS RECOMMENDED that

1. The complaint BE DISMISSED without leave to amend and with prejudice for failure to state a claim; and

2. The Clerk of Court BE DIRECTED to enter judgment for Defendant because the dismissal would terminate the action in its entirety.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 15, 2005             /s/ Sandra M. Snyder**

icido3                                              UNITED STATES MAGISTRATE JUDGE